## SMILEY vs. THRALL.

*Twelfth District Court for San Francisco Co., Dec. T.,* 1857.

PUIS DARREIN CONTINUANCE.

A. being a dentist, in an operation on B.'s teeth, broke one of them. B. published a card in relation thereto, in the newspapers, and A. brought an action against him for libel, in which B. pleaded and proved the injury to his teeth as matter in mitigation. After the commencement of that action, B. brought this against A. to recover damages for injury to his teeth. The action for libel was first concluded, and A. filed a plea in this setting up that in the previous action the subject matter of this had been considered by the jury and passed upon.

*Held* that the plea was in the nature of the common law plea *puis darrein continuance,* and therefore a waiver of all pleas previously interposed.

The plaintiff brought suit for an alleged injury sustained by him to his teeth at the hands of the defendant, who is a dentist. It was brought subsequent to one commenced by defendant in this action against *Smiley* for an alleged libel. In that case the plaintiff in this action pleaded in mitigation of damages the same matter of injury to his teeth set forth in his complaint in this action, and at the trial introduced evidence under his plea, and the evidence was taken into consideration by the court and jury.

After issue had been joined in this action, and a term had elapsed, the counsel for defendant in this action obtained a stipulation for leave to amend the answer and set up the above facts, which had occurred after the issue joined in this action, as follows :

" That said plaintiff ought not further to maintain his action against said defendant, because he says that in a certain other action in this honorable court in which this defendant was plaintiff and the above named plaintiff was defendant, tried and determined on the 23d day of September, 1857, the same subject matter set forth in the complaint in this action, as cause of action of complaint against this defendant, was pleaded by the above named plaintiff by way of offset and justification, and in mitigation of damages to the cause of action alleged in that action, under which said plea evidence was offered on behalf of the plaintiff and allowed by the court, and the evidence duly considered by the jury, who found the verdict accordingly,—and so said de-

fendant says the cause of action alleged in the complaint has been already adjudged and determined."

At the trial the plaintiff raised the point that this plea is a waiver of the plea previously interposed.

*Shafters*, *Park & Heydenfeldt*, and *E. Cook*, for plaintiff.

*S. M. Bowman* and *D. O. Shattuck*, for defendants.

NORTON, J.—This plea is of the nature of what under the old system of pleading, is the plea *puis darrein continuance*, and as such, is of itself a waiver of all pleas which may theretofore as matter of defense, have been interposed. Plaintiff by his stipulation has merely agreed that it may be interposed, but has not affected thereby his right to take advantage of all its legal effects and consequences. Defendant may, however, if he see fit, withdraw the plea and proceed to trial upon the issues raised by his original answer.

The plea was withdrawn, and the action tried on the former issues.